UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROGER GREEN                                                                                      PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 3:14CV629-TSL-RHW

OLLIE LITTLE et al                                                                             DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Roger Green, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care and unconstitutional conditions of confinement at East Mississippi Correctional Facility (EMCF). He alleges that on July 1, 2014, he suffered a heart attack. Doc. [1] & [7]. Medical personnel sent him to the hospital, where he received a stent. *Id.* He was released from the hospital on July 4th and brought back to the medical unit at EMCF. *Id.* He remained in the medical unit for 4 days and 3 nights, during which time he slept on a cold, bare metal bed with no mat. He requested a mat but his request was refused. *Id.*

In his complaint, Plaintiff essentially admits that he did not pursue the prison's grievance process. Doc. [1] at 2-4. He claims that a grievance system was not in place, and simply states that "[t]here is no relief a grievance can give." *Id.* at 4. As has been noted in other opinions from this Court, the MDOC does provide a grievance administration remedy program. *See e.g. Dillon v. Brown*, 2012 WL 3114519, at *3 (S.D. Miss. 2012). On November 13, 2014, Defendant Ollie Little filed a motion for summary judgment arguing (1) that Plaintiff does not allege that he sustained a physical injury; therefore, he cannot recover damages against Defendant Little; and (2) that Plaintiff's lawsuit should be dismissed because he failed to exhaust the prison's administrative remedies. Doc. [14]. The Court conducted a screening hearing on

November 18, 2014.  Under oath Plaintiff admitted that he had not pursued his claim first through the prison's administrative remedy program.  At the hearing, Plaintiff was provided a copy of the motion for summary judgment and advised of his right to file a response.  Plaintiff has not filed a response, and the deadline to do so has long since passed.

  Defendants Unknown Lloyd and Unknown Segrest have not filed any type of responsive pleading, even though the summons indicates that these two defendants were served by certified mail sent to EMCF.  See Doc. [16].  The return receipt indicates that Metina Steele signed for the certified letters, not Lloyd or Segrest.  Id.  The Court doubts that service has been properly effected as to Defendants Lloyd and Segrest.  See Fed. R. Civ. P. 4(e).  Nevertheless, as will be explained below, Plaintiff has not exhausted administrative remedies; therefore, the complaint should be dismissed as to all defendants.  See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007)("court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

  Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983. Wright v. Hollingsworth, 260 F.3d 357 (5th Cir. 2001).  As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) overruled on other grounds by Jones v. Bock 549 U.S. 199, 214-15 (2007).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.*

Plaintiff admitted both in his complaint and at the screening hearing that he did not exhaust administrative remedies. Moreover, Plaintiff has not filed a response to the motion for summary judgment nor offered an explanation as to why he should be entitled to any recognized exception to the exhaustion requirement. *See Dillon v. Rogers*, 596 F.3d 260, 270 (5th Cir. 2010); *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Accordingly, the undersigned concludes that Plaintiff's lawsuit should be dismissed. Furthermore, the dismissal of Plaintiff's complaint for failure to state a claim, predicated on failure to exhaust, counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Emmett v. Ebner*, 423 Fed. Appx. 492, 493-94 (5th Cir. 2011).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's [14] Motion for Summary Judgment be GRANTED such that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed as to all Defendants for failure to state a claim, predicated on Plaintiff's to exhaust administrative remedies. The undersigned further recommends that the dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 6th day of February, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE